SCHENCK (trustee) and BROWER (cestui que trust) *v.* ELLING-
WOOD and others.

---

A defective execution of an appointment, made for a valuable consideration, is
   not wholly void. It amounts only to a defective execution and equity will
   supply it.

A party who gives a mortgage to a trustee on a purchase of property cannot,
   when pressed for payment by a bill of foreclosure, test the validity of the
   trust.

Where the rights of trustee and *cestui que trust* are to be brought before the
   court, they can be joined as co-complainants ; but still, where the *cestui que
   trust* is a *feme covert,* she should also appear by a next friend. This, how-    *Nov.* 29.
   ever, is more a matter of form than of substance, and a demurrer *ore tenus*    1837.
   will not prevail.

*Cestui que
trust and
trustee.
Appoint-
ment.
Mortgagor
and mort-
gagee.
Parties.*

---

THE defendant Ellingwood had given a bond and mortgage
to meet part of purchase money for real estate. This real
estate had been bought of and conveyed by the complainant Cor-
nelius Schenck, as trustee for the complainant Maria Brower.
Upon attempting to foreclose the mortgage in the present suit,
the defendant Ellingwood insisted that the conveyance to him

had not been executed in conformity to the provision of the
trust deed under which Cornelius Schenck acted as trustee
and sold : inasmuch as he, the said Schenck, held the said
premises, in trust, among other things, to lease, assure, order,
convey and dispose of all and singular the said premises and
every part and parcel thereof in such manner and form as the
said Maria Brower should, in writing, under her hand and seal,
executed in the presence of two witnesses, direct, limit and
appoint; whereas the writing executed by her, directing the
sale of the said premises to this defendant, was not executed in
the presence of two witnesses, but was executed in the presence
of one witness alone.

The execution of the bond and mortgage was admitted,

The cause came up on bill and answer.

Mr. *J. R. Lee*, for the complainants.

Mr. *R. Lockwood*, for the defendant N. D. Ellingwood.

*March* 27,
1838.

THE VICE-CHANCELLOR :—The mortgage was given to se-
cure part of the purchase money on a sale by Schenck, the
trustee of Mrs. Brower, to the defendant Mr. Ellingwood.
His answer denies that the deed to him was executed in con-
formity with the provisions of the trust deed by which the
premises were held in trust by Schenck : for that he, Schenck,
was to convey and dispose of the premises, in such manner and
form as the *cestui que trust* should, in writing under her hand
and seal, executed in the presence of two witnesses, direct,
limit and appoint ;" whereas the writing executed by her, di-
recting the sale of the premises to the defendant, was not ex-
ecuted in the presence of two witnesses, but was executed in
the presence of one witness only.  Hence it is argued that the
deed is void and the consideration of the mortgage has failed,
and, consequently, void also.  This is the leading point in the
case.

I cannot agree with the counsel for the defendant that the
omission of another or second witness to the deed of appoint-
ment of the *cestui que trust* amounts to a non-execution and
vitiates the whole transaction so as to render the title void in
the purchaser.  It is, at the utmost, but a defective execution
which this court will supply in favor of a purchaser for a valu-

able consideration: Sugden on Powers, 356, 367; *Cotter* v. *Layer*, 2 P. Wms. 623; *Godwin* v. *Kilsha*, Ambl. 684.

There is no averment or suggestion to show that the title is attempted to be impeached on this account by any person who could take advantage of the defect or that there is any danger of disturbance to the possession in the purchaser or purchasers under it. On the contrary, it would seem that the only person who could ever raise the objection, namely, the *cestui que trust*, is now before the court as a co-complainant with her trustee, seeking to affirm the title and to give effect and validity to the mortgage by a sale of the premises under it and who will be bound by the decree and most certainly be precluded from questioning the title of any purchaser under it, in case the premises are sold. If not sold but redeemed, the present owner must be equally an object of protection in this court.

I am also of opinion that the defendants have no right to question the validity of the trust under which the bond and mortgage were taken. Whether it is or is not a trust allowed and authorized by the revised statutes is immaterial as regards the defendant. He and those claiming under him can be in no danger of being made liable to pay the bond and mortgage or the purchase money a second time, if they should now pay or suffer the property to be sold in payment and satisfaction of the lien upon it.

Then, as respects the question of parties. It is objected that the complainants are improperly joined; and that if Mrs. Brower is a necessary party to this suit, being a *feme covert*, she should sue by a next friend. It was proper to make her a party; and she might well be made a co-complainant with her trustee: *Kirk* v. *Clark*, Prec. in Chan. 275; *Fish* v. *Howland*, 1 Paige's C. R. 20; *Malin* v. *Malin*, 2 John. C. R. 238. Regularly she should have appeared by a next friend, but the objection, on this ground, is not taken in pleading, although the answer states the fact of her being a *feme covert*. As it is more a matter of form than of substance, the objection *ore tenus* at the hearing ought not to prevail: *Robinson* v. *Smith*, 3 Paige's C. R. 222.

There must be the usual reference to a master to compute the amount due on the mortgage. Upon the confirmation of the report, the master must proceed to sell.